# Tab "A"

RECEIVED MAR 13 2011

COPY

DAVID C. and KAREN F. BEINLICH,
    Plaintiffs

          vs.

CHIEF EXPLORATION & DEVELOPMENT,
LLC; THE KEETON GROUP, LLC,
    Defendants

: IN THE COURT OF COMMON PLEAS
: SULLIVAN COUNTY, PA
:
: CIVIL ACTION - LAW
:
: NO. 2011CV-65
:
:
: JURY TRIAL DEMANDED

---

## NOTICE TO DEFEND



2011 MAR 14 P 2:46
RECORDED

TO:    CHIEF EXPLORATION & DEVELOPMENT, LLC
        5956 SHERRY LANE
        SUITE 1500
        DALLAS, TX 75225

        THE KEETON GROUP, LLC
        3012 MEREDITH CIRCLE
        LEXINGTON, KY 40513

        You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint is served, by entering a written appearance personally, or by attorney, and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested. You may lose money or property or other rights important to you.

YOU SHOULD CONTACT YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD AN ATTORNEY, GO TO OR TELEPHONE ONE OF THE OFFICES LISTED BELOW:

        PROTHONOTARY
        Sullivan County Courthouse
        Main & Muncy Streets
        Laporte, PA 18626
        Telephone (570) 946-7351

        NORTHERN PA LEGAL SERVICES
        P.O. Box 703
        Tunkhannock, PA 18657
        Telephone (570) 836-5149

### AMERICANS WITH DISABILITIES ACT OF 1990

        The Court of Common Pleas of Sullivan County is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact the Court Administrator's Office, Sullivan County Courthouse, Laporte, Pennsylvania; Telephone No. (570) 836-3151. All arrangements must be made at least 72 hours prior to any hearing or business before the Court.

By: _____
        Christian A. Lovecchio
        Attorney I.D. No.: 85505
        Attorney for Plaintiffs
        602 Pine Street, Williamsport, PA 17701
        Telephone: 570-326-2401
        Fax: 570-326-3498

2011 MAR 14 P 2: 46
SULLIVAN COUNTY
RECORDED

IN THE COURT OF COMMON PLEAS OF
SULLIVAN COUNTY, PENNSYLVANIA

DAVID C. AND KAREN F. BEINLICH,          :
                                         :
                    Plaintiff,           :
                                         :
                                         :
         v.                              :          Civil Action No. 2011CV-65
                                         :
CHIEF EXPLORATION &                      :          JURY TRIAL DEMANDED
DEVELOPMENT LLC,                         :
                                         :
and                                      :
                                         :
THE KEETON GROUP, LLC,                   :
                                         :
                    Defendants.          :

## COMPLAINT

## I. PRELIMINARY STATEMENT

1.      By this action, Plaintiffs David C. and Karen C. Beinlich ("Plaintiffs") seek the

Court's determination that the oil and gas lease between them and Defendants has expired and

terminated and that Defendants have no lawful right to drill, develop or produce from the mineral

estate of Plaintiff's properties.   The lease provided for a five year primary term and Defendants

have failed to take actions sufficient to transition the lease into its secondary period.   The

Defendants' last minute attempt to combine the Plaintiffs' lease with other leases and then create

a façade of development activity on those other leases also violate the Defendants' implied duties of good faith and fair dealing with the Plaintiffs. As set forth further below, the lease has expired and should no longer cloud the Plaintiffs' title.

## II. THE PARTIES

2.      Plaintiffs are citizens of the Commonwealth of Pennsylvania with a residential address at 162 Beinlich Road, Forksville, PA 18616.

3.      Defendant The Keeton Group, LLC ("Keeton") is limited liability company organized under the law of the state of Kentucky and with a principal address at 3012 Meredith Circle, Lexington, KY 40513.

4.      Defendant Chief Exploration & Development LLC ("Chief") is a corporation organized under the law of the state of Texas and with a principal address at 5956 Sherry Lane, Suite 1500, Dallas, TX 75225.

## III. GENERAL ALLEGATIONS

5.      Plaintiffs own, as husband and wife, three (3) parcels of land, totaling approximately 117 acres, in Elkland Township, Sullivan County, Pennsylvania and bearing Tax Parcel Identification Nos. 06-075-0030, 06-075-0030-02 and 06-075-0030-001 (collectively, the "Properties").

6.      Plaintiffs' title in the Properties arises by deeds recorded with the Sullivan County Recorder of Deeds at Instrument Nos. 200301324 (the parcel with Tax Parcel Id. No. 06-075-0030) and 200301326 (06-075-0030-001), and at Record Book 7, Page 403 (06-075-0030-02) (collectively, the "Deeds"). A true and correct copy of the Deeds, including metes and bounds descriptions of the Properties, are attached hereto as Exhibit A.

7.      Plaintiffs are currently in possession of the surface of the Properties.

8.      On November 15, 2005, Plaintiffs executed an Oil and Gas Lease with Keeton for the Properties (the "Lease"), effective as of October 25, 2005. A true and correct copy of the Lease is attached hereto as Exhibit B.

9.      According to knowledge and belief, Keeton has assigned its rights and obligations under the Lease to Defendant Chief.

10.     The Lease contained a primary term of five (5) years, beginning on October 25, 2005. *See* "Lease Term" provision of the Lease.

11.     The Lease contained a secondary term, *inter alia*, for "as long thereafter as operations are conducted on the Leasehold in search of production of oil, gas, or their constituents" and "for as long as extended by other provisions herein." *Id.*

12.     The Lease contained a provision granting to Lessee certain rights to pool, unitize or combine the Leasehold with other lands. *See* "Unitization" provision of the Lease.

13.     The Lease provides that "...the drilling, operations in preparation for drilling, production from, or payment for Royalty, Shut-In Royalty or Delay in Marketing for a well on such a unit shall have the same effect upon the terms of this Lease as if the well were located on the Leasehold." *Id.*

14.     On October 21, 2010, Defendant Chief and/or its agents recorded a partially-executed Declaration of Unitization with the Sullivan County Recorder of Deeds, purporting to unitize the Lease with leases on 19 other tracts (the "Declaration"). The Declaration is recorded at Instrument No. 201005075. A true and correct copy of the Declaration is attached hereto as Exhibit C.

3

15.     According to the Declaration, the 22 tracts encompassed thereby (collectively, the "Purported Unit") were to be developed from a well pad site on the Castrogiovanni tract.

16.     By letter dated November 1, 2010, Plaintiffs notified Defendant Chief that the Lease has expired and terminated.

17.     By letter dated January 6, 2011, Defendant Chief responded to Plaintiffs' letter, asserting that a bulldozer had been mobilized to the Castrogiovanni tract on October 23, 2010, that the bulldozer had been used to open access to the tract, and that such activities constituted operations in preparation for drilling sufficient to transition the Lease into its secondary term.

18.     Plaintiffs admit only that a bulldozer had been placed on the side of the road on the Castrogiovanni tract and that such bulldozer was placed thereon on October 23, 2010 at approximately 4:45 pm.

**COUNT I**
**QUIET TITLE**

19.     The foregoing paragraphs are realleged and incorporated herein by reference.

20.     Defendant Chief's assertion that the bulldozer placed on the Castrogiovanni tract opened an access road to that tract before October 25, 2010 is not true.

21.     According to Plaintiffs' knowledge and belief, the only actions conducted on the Purported Unit as of midnight between October 24 and October 25, 2010, consisted of parking of the bulldozer and the placement of stakes to indicate a potential location for access on the Castrogiovanni tract.

22.     According to knowledge and belief, no earth was moved on Castrogiovanni tract in preparation for well drilling or well pad development as of midnight between October 24 and October 25, 2010.

4

23.     According to knowledge and belief, on October 27, 2010, agents for the Defendants came on the Castrogiovanni tract and cut down a handful of trees located thereon between approximately 4:45 pm and 5:15 pm.

24.     According to knowledge and belief, except for parking the bulldozer on the Castrogiovanni tract and placing stakes, Defendants took no actions upon the Purported Unit until October 28, 2010.

25.     Even if Defendants had used the bulldozer to move earth to open access to the Castrogiovanni tract, which Plaintiffs specifically deny, such use would not constitute operations, in preparation for drilling or otherwise, and would not be sufficient to transition the Lease from its primary term to its secondary term.

26.     Defendants have failed to conduct operations, in preparation for drilling or otherwise, on the Properties or on the Purported Unit sufficient to transition the Lease from its primary term to its secondary term.

27.     Because the Defendants have failed to take actions sufficient to transition the Lease from its primary term to its secondary term, the Lease expired and terminated as of midnight between October 24 and October 25, 2010.

28.     Plaintiffs seeks by this action to quiet title to the Properties in Plaintiffs.

**COUNT II**
**EJECTMENT**

29.     The foregoing paragraphs are realleged and incorporated herein by reference.

30.     According to Plaintiffs' knowledge and belief, Chief currently intends to drill a gas well into the Properties from the well pad located on the Castrogiovanni tract, relying on the expired and terminated Lease as justification therefor.

5

31.     Plaintiffs possess title to the Properties, including its mineral estate, that is superior to any claim of title that can be made by Defendants.

32.     Plaintiffs are entitled to possession of the mineral estate of the Properties.

33.     Defendants failure to acknowledge the expiration and termination of the Lease is tantamount to a repudiation of Plaintiffs' right to possession of the mineral estate.

**COUNT III**
**CANCELLATION OF THE DECLARATION**

34.     The foregoing paragraphs are realleged and incorporated herein by reference.

35.     The Declaration is of no effect, generally and/or as to Plaintiffs, because it is not fully executed.

**COUNT IV**
**BREACH OF IMPLIED DUTIES OF GOOD FAITH**
**AND FAIR DEALING**

36.     The foregoing paragraphs are realleged and incorporated herein by reference.

37.     Beginning in October 2005, Keeton and then Chief had the opportunity and the responsibility to develop the leased mineral resources on the Properties in good faith.

38.     By entering into the Lease, the Defendants accepted a duty of good faith and fair dealing with the Plaintiffs.

39.     Defendants failed to develop the leased mineral resources on the Properties in good faith.

40.     The Defendants' purported attempt to unitize the Properties with other properties in the waning days of the primary term violates their duties of good faith and fair dealing with Plaintiffs.

41.     The Defendants' actions on the Castrogiovanni tract after the recording of the

6

Declaration were cursory and superficial, an attempt to create a façade of operations in furtherance of development, and violate the Defendants' duties of good faith and fair dealing with the Plaintiffs.

42.     As such, the recording of the Declaration constitutes "bad faith pooling" in breach of Defendants' implied duties of good faith and fair dealing with the Plaintiffs.

43.     Due to the Defendants' breaches of these implied duties, Plaintiffs are entitled to rescind the Lease and repudiate the Declaration.

## COUNT V
## ANTICIPATORY TRESPASS

44.     The foregoing paragraphs are realleged and incorporated herein by reference.

45.     Defendants have no right to enter onto, or under, the Properties.

46.     Defendants have expressed a present intent to enter onto, or under, the Properties under a purported claim of right arising from the Lease.

47.     As the Lease has expired, Defendants claim is invalid and any such entry would constitute trespass onto lands rightfully possessed by Plaintiffs.

48.     A trespasser is a person who enters or remains on land in the possession of another without a right or privilege to do so.

## COUNT VI
## DECLARATORY JUDGMENT

49.     The foregoing paragraphs are realleged and incorporated herein by reference.

50.     As set forth above, an actual, substantial and justiciable controversy exists between Plaintiffs and Defendants regarding their respective rights and obligations under the Lease and the Declaration.

7

51.    Plaintiffs desire a judicial determination of their rights and duties, and a declaration as to the validity, interpretation and application of the Lease and the Declaration.

52.    Plaintiffs seeks a declaratory judgment against defendants under the Pennsylvania Declaratory Judgment Act, 42 Pa.C.S.A. §7532, that will be binding in any subsequent action.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiffs hereby respectfully request an order and judgment from this honorable Court against Defendants, as follows:

1.    Declaring that the Lease is cancelled, expired, terminated, void and/or rescinded and must be delivered and cancelled;

2.    Quieting title to the Properties in Plaintiffs;

3.    Requiring Defendants to quit, and enjoining them from entering, the mineral estate of the Properties;

4.    Requiring Defendants to record an acknowledgement of the expiration and termination of the Lease with the Sullivan County Recorder of Deeds;

5.    Finding that the Declaration was made and recorded in breach of Defendants' duties of good faith and fair dealing to Plaintiffs;

6.    Declaring that the Declaration is void *ab initio* and is of no effect, generally and/or as to Plaintiff;

7.    Requiring Defendants to record a Surrender of Declaration of Unitization with the Sullivan County Recorder of Deeds, generally and/or as to Plaintiffs

8.    Entering an award in favor of Plaintiffs and against the Defendants for compensatory and punitive damages and such other relief as may be just and

proper, including, without limitation, attorneys' fees, interest, and costs; and

9.   Such other and further relief as the Court considers just and proper.

Respectfully submitted,

Christian Lovecchio
Attorney I.D. No. 85505
Campana, Lovecchio, & Morrone, P.C.
602 Pine Street
Williamsport, PA 17701
(570) 326-2401

## VERIFICATION

We, David C. Beinlich and Karen F. Beinlich, hereby verify that the information set forth in the foregoing Complaint is true and correct to the best of our knowledge, information and belief.

We understand that any false statements contained herein are subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

Dated: 3 - 14 - 11

**David C. Beinlich**

Dated: 3-14-11

**Karen F. Beinlich**

10

County Parcel No. 06-075-0030

*March 9, 2011*
*Certified From Records*



# This Deed,

**MADE the** _____ day of June in the year two thousand three (2003)

**BETWEEN**   DAVID C. BEINLICH, joined by KAREN F. BEINLICH, husband and wife, of
RR 1, Box 1304 A, Forksville, PA 18616

### GRANTORS,

### AND

DAVID C. BEINLICH and KAREN F. BEINLICH, husband and wife as tenants
by the entireties, of RR 1, Box 1304 A, Forksville, PA 18616

### GRANTEES.

**WITNESSETH,** That in consideration of Love and Affection and One -------------------------------
----------------------------------------------($1.00)----------------------------------------------Dollar,
In hand paid, the receipt whereof is hereby acknowledged, the said grantors do hereby grant and
convey to the said grantees, their heirs and assigns:

**ALL** that certain lot, piece or parcel of land lying and being in the Township of Elkland,
Sullivan County, Pennsylvania, bounded and described as follows:

**BEGINNING** at a point approximately in the center of the public highway running
through the village of Estella, said point being the Southernmost point of a lot of land of Harlan
Baumunk; running thence North thirty-six (36°) degrees East along the Southeast line of said
Baumunk ten (10) rods to the easternmost point of said Baumunk lot; running thence North fifty-
four (54°) degrees West along the Northeast line of said Baumunk and the Northeast lines of land
of Rosbach and Raleigh Beinlich twenty-six (26) rods to appoint in the center of a public
highway; running thence North thirty-six (36°) degrees East along the line of lands of George
Boker and along the center line of said public highway fifteen (15) rods to an angle in said public
highway; running thence North twenty-two (22°) degrees and thirty (30') minutes East along the
line of said Boker lands and the center line of said highway twenty and seen-tenths (20.7) rods to
a point; running thence North sixty (60°) degrees West along the northwesterly line of said Boker
lands twenty-six (26) rods to a point, approximately in the center of a creek; running thence
North thirty-six (36°) degrees East one hundred twenty-nine (129) rods to an iron pin; running
thence South fifty –four (54°) degrees East thirty-five (35) rods to an iron pin; running thence
South fifty-four (54°) degrees East thirty-five (35) rods to an iron pin; running thence South
thirty-six (36°)degrees West along lands of Raleigh Beinlich seventy-two and six-tenths (72.6)
rods to an iron pin ; running thence South fifty-four (54°) degrees East along the line of lands of
said Beinlich one hundred eighty-five (185) rods to an iron pin, being in the line of lands of
Burgess; running thence South thirty-six (36°) degrees West along the line of said Burgess lands,
fifty-one and four-tenths (51.4) rods to a point in the line of lands of Plotts thirteen (13) rods to a
point ; running thence North seventy-four (74°) degrees West along said Plotts land ten (10) rods
to a point, running thence South eighty-one (81°) degrees West along said Plotts land, twelve
(12) rods to a point in the center of a public highway; running thence North seventy-seen (77°)
degrees West along the center line of said highway and along said Plotts land, thirty-seven (37)
rods to an angle in said highway; running thence South seventy-six (76°) degrees West along the

**EXHIBIT**
**" A "**

center line of said highway and along said Plotts land six and five-tenths (6.5) rods to an angle in said highway; running thence North fifty-four (54°) degrees West along the center lines of said highway and, continuing in a straight line, on a tangent running off of said highway fifty-nine (59) rods to a point, being a corner of lands of the Elkland School District; running thence North thirty-three (33°) degrees East along the line of lands of said School District, fifteen and three-tenths (15.3) rods to a point in the center line of the old township road; running thence North eighty-thee (83°) degrees thirty (30') minutes West along the center line of said old township road and along the line of said School District lands fifteen and seven-tenths (15.7) rods to an angle in said road; running thence North eighty (80°) degrees West , along said center line and along the line of said School District lands, seventeen and five-tenths (17.5) rods to appoint in the East line of the public highway running East through the Village of Estella; running thence North fifty-four (54°)degrees West on a line running fro the East lien of said highway to the center of said highway, five an seven-tenth (5.7) rods to the point and place of beginning, being a corner of lands of said Harlan Baumunk.

**CONTAINING** one hundred twenty-one  (121) acres of land, be the same more or less.

**THE FOREGOING DESCRIPTION** being in accordance with a plot and survey of said land made by George K. Jones, Licensed Surveyor, for the grantor, on August 13 and 16, 1949.

**BEING** Lot No. 1 in a deed from Raleigh Beinlich and Julia L. Beinlich, his wife to F. Calvin Beinlich and Doris B. Beinlich, his wife, by deed dated April 1, 1972, and recorded in Sullivan County Deed Book 83 at page 261.

**EXCEPTING AND RESERVING** from the above described premises the property conveyed by deed from F. Calvin Beinlich and Bernice L. Beinlich, his wife and Doris B. Beinlich, single to David C. Beinlich, single by deed dated May 3, 1990, and recorded in Sullivan County Record Book 1 at page 1076.

**BEING** the same premises conveyed by deed dated April 27 1993 from F. Calvin Beinlich and Doris B. Beinlich to David C. Beinlich and recorded in Sullivan County Record Book 14, page 1103.

**AND BEING** a transfer from husband to wife to establish a tenancy by the entireties, no realty transfer taxes are due hereon under provisions of 72 P.S. 8102-C.3(6).

FRANCINE DOYLE
REGISTER AND RECORDER
SULLIVAN COUNTY
Pennsylvania

INSTRUMENT NUMBER
200301324
RECORDED ON
Jun 11, 2003
1:59:33 PM

| | |
|---|---|
| RECORDING FEES | $13.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| JCS/ACCESS TO JUSTICE | $10.00 |
| STATE WRIT TAX | $0.50 |
| TOTAL | $28.50 |

**AND** the said grantors will SPECIALLY WARRANT AND FOREVER DEFEND the property hereby conveyed.

    **IN WITNESS WHEREOF**, said grantors have hereunto set their hands and seals, the day and year first above-written.

Sealed and delivered in the presence of

_____ (Seal)
David C. Beinlich

_____ (Seal)
Karen F. Beinlich

_____ (Seal)

_____ (Seal)

## CERTIFICATE OF RESIDENCE

I hereby certify, that the precise residence of the grantees herein is as follows:
RR 1, Box 1304 A
Forksville, PA 18616

_____
Attorney or Agent for Grantee

NO TITLE WORK REQUESTED

*Commonwealth of Pennsylvania*  }
                       *ss.*
*County of Sullivan*  }

    On this, the ___9th___ day of June, 2003, before me the undersigned officer, personally appeared David C. Beinlich and Karen F. Beinlich, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purpose therein contained.

    IN WITNESS WHEREOF, I have hereunto set my hand and Official seal.

PROTHONOTARY SEAL
FRANCINE DOYLE, PROTHONOTARY
Sullivan County
My Commission Expires
First Monday in Jan. 2004

My Commission Expires : _____

*March 9, 2011*
Certified From Records

R-301-AT-11—Warranty Deed, Short Form, Act of 1909—Arranged for Photo-Recording
Henry Hall, Inc., Indiana, PA.

County Parcel No. 06-075-0030-001

BOOK 067 PAGE 403

01084

RECORDER'S OFFICE
FILED
SULLIVAN CTY.
Aug 23 9 42 AM '91

# PLEASE DO NOT ADVERTISE

# This Deed,

MADE THE                9th        day of      August
of our Lord one thousand nine hundred   ninety-one (1991).                 in the year

BETWEEN   DAVID C. BEINLICH, joined by KAREN F. BEINLICH,
his wife, of RR 1, Box 1304A, Forksville,
Sullivan County, Pennsylvania

                                                    *Grantors*,

and        DAVID C. BEINLICH and KAREN F. BEINLICH,
husband and wife as tenants by the entireties,
of RR 1, Box 1304A, Forksville, Pennsylvania 18616

                                                    *Grantees*:

WITNESSETH, that in consideration of love and affection and One————
($1.00)————————————————————————————— Dollars,
in hand paid, the receipt whereof is hereby acknowledged, the said grantors do   hereby grant
and convey to the said grantees, their heirs and assigns:
ALL that certain lot, piece or parcel of land lying and situate in the Township of
Elkland, County of Sullivan and Commonwealth of Pennsylvania bounded and described
as follows:

BEGINNING at a point on the centerline of Township Road #428, said point being
South thirty (30°) degrees thirty-seven (37') minutes forty-five (45") seconds West
358.0 feet from an un-numbered electric pole on the east side of Township Road #428,
said pole being approximately on the north line of the remaining lands of F. Calvin
and Doris B. Beinlich; thence leaving the road and running along the remaining lands
of F. Calvin and Doris B. Beinlich the following two courses and distances:

(1) South fifty-seven (57°) degrees fourteen (14') minutes fifty (50") seconds
East 418.16 feet passing through a set pin on line and running to a set pin;

BOOK 007 PAGE 404

(2)  South forty (40°) degrees fourteen (14') minutes forty (40") seconds West
552.00 feet passing through a set pin on line and running to a point on
the centerline of a vacated Township road;

thence along the centerline of the vacated road and along the remaining lands of
F. Calvin and Doris B. Beinlich the following five courses and distances:

(1)  North thirteen (13°) degrees twenty-two (22') minutes thirty (30") seconds
East 12.63 feet;
(2)  North thirty-one (31°) degrees forty-four (44') minutes thirty-five (35")
seconds West 58.65 feet;
(3)  North fifty-three (53°) degrees twenty-four (24') minutes twenty (20")
seconds West 112.71 feet;
(4)  North forty-three (43°) degrees thirty-nine (39') minutes fifteen (15")
seconds West 58.08 feet;
(5)  North thirty-eight (38°) degrees five (05') minutes twenty (20") seconds
West 54.40 feet to a point on the centerline of the aforementioned Township
Road #428;

thence along the centerline of Township Road #428 and along the remaining lands of
F. Calvin and Doris B. Beinlich the following four courses and distances:

(1)  North twelve (12°) degrees thirty-six (36') minutes five (05") seconds
West 54.40 feet;
(2)  North twenty-five (25°) degrees nine (09') minutes ten (10") seconds East
72.39 feet;
(3)  North thirty (30°) degrees fifty-eight (58') minutes fifteen (15") seconds
East 227.46 feet;
(4)  North twenty-seven (27°) degrees one (01') minute ten (10") seconds East
134.40 feet to the point and place of beginning.

CONTAINING 4.20 acres according to the survey and subdivision plan of Glen
Yasharian & Associates dated March 30, 1990 and marked Map 54.00.

GRANTING AND CONVEYING unto the grantees, their heirs and assigns forever, in
common with the grantors, their heirs and assigns forever, a free and uninterrupted
right-of-way for purposes of ingress, egress and regress over and along the existing,
vacated township road which runs from the terminus of the opened portion of Township
Road #428 at a southwesterly corner of the lot herein conveyed, in a southeasterly
direction to the State Road.

BEING Lot 1 of the F. Calvin and Doris B. Beinlich Subdivision of land duly
filed with the Sullivan County Planning Commission.

BEING the same premises conveyed to David C. Beinlich by deed of F. Calvin
Beinlich et al dated May 3, 1990 and recorded May 14, 1990 in Sullivan County
Record Book 001 page 1076.

AND BEING a transfer from husband to husband and wife to establish a tenancy
by the entireties, no realty transfer taxes are due hereon under provisions of
72 P.S. § 8102-C.3.(6).

BOOK 067 PAGE 405

*AND the said grantors hereby covenant and agree that they will warrant specially the property hereby conveyed.*

*IN WITNESS WHEREOF, said grantors have hereunto set their hands and seals the day and year first above written.*

Signed, Sealed and Delivered
in the Presence of

DAVID C. Beinlich      (SEAL)

Karen F. Beinlich      (SEAL)

     (SEAL)

     (SEAL)

State of Pennsylvania
County of Sullivan    } ss.

On this, the 9th day of August , 19 91 , before me, the undersigned officer, personally appeared David C. Beinlich, joined by Karen F. Beinlich, his wife,

*known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed same for the purposes therein contained.*

*IN WITNESS WHEREOF, I hereunto set my hand and official seal.*

NOTARIAL SEAL
JULIE M. GAVITT, Notary Public
Laporte Borough, Sullivan County, Pa.
My Commission Expires August 30, 1995

_____ (SEAL)

Notary Public

Title of Officer.

RECORDED

AUG 23 1991

REGISTER AND RECORDER

I do hereby certify that the precise residence and complete post office address of the within named grantees is RR 1 Box 1304A, Forksville, Pennsylvania 18616

July 31 , 19 91

Attorney for GRANTORS

NO TITLE WORK REQUESTED

*March 9, 2011*
Certified From Records

County Parcel No. 06-075-0030-002


SULLIVAN COUNTY
PARCEL
NUMBER
CERTIFICATION
ASSESSMENT OFFICE

# This Deed,

**MADE** the _____9th_____ day of June in the year two thousand three (2003)

**BETWEEN** DAVID C. BEINLICH, joined by KAREN F. BEINLICH, husband and wife, of RR1, Box 1304 A, Forksville, PA 18616

**GRANTORS,**

AND

DAVID C. BEINLICH and KAREN F. BEINLICH, husnband and wife, as tenants by the entireties, of RR1, Box 1304 A, Forksville, PA 18616

**GRANTEES,**

**WITNESSETH,** That in consideration of Love and Affection and One----------------------------
--------------------------($1.00)---------------------------------------------- Dollar,
In hand paid, the receipt whereof is hereby acknowledged, the said grantors do hereby grant and convey to the said grantees, their heirs and assigns:

**ALL** that certain lot, piece or parcel of land lying and situate n the Township of Elkland, County of Sullivan and Commonwealth of Pennsylvania bounded and described according to the survey and subdivision plan of Glen Yasharian & Associates, as follows:

**BEGINNING** at a nail set on the centerline of the cartway of SR 4014 at the centerline of a bridge over Blackwater Creek; thence leaving the road and running along other lands of David C. Beinlich and along the centerline of the channel of Blackwater Creek the following twenty courses and distances:

1.  North eighty-five (85°) degrees one (01') minutes thirty (30") seconds East 34.5 feet.
2.  South seventy-two (72°) degrees forty-three (43') minutes thirty (30") seconds East 45.3 feet.
3.  North seventy-nine (79°) degrees thirty-seven (37') minutes fifty (50") seconds East 58.3 feet.
4.  North sixty-eight (68°) degrees twenty-four (24') minutes twenty (20") seconds East 133.8 feet.
5.  North sixty (60°) degrees thirty-nine (39') minutes fifty (50") seconds East 48.9 feet.
6.  South eighty-six (86°) degrees fourteen (14') minutes ten (10") seconds East 32.5 feet.
7.  South sixty-four (64°) degrees thirty-seven (37') minutes twenty (20") seconds East 57.7 feet.
8.  North fifty-seven (57°) degrees thirty-one (31') minutes twenty (20") seconds East 62.0 feet.
9.  North nineteen (19°) degrees twenty-three (23') minutes zero (0") seconds East 56.5 feet.

10. North sixty-one (61°) degrees fifty-nine (59') minutes thirty (30") seconds East 104.8 feet.
11. North seventy (70°) degrees fifty-four (54') minutes zero (00") seconds East 261.3 feet
12. North sixty-five (65°) degrees fifty-four (54') minutes thirty (30") seconds East 140.6 feet.
13. North seventy-five (75°) degrees forty-one (41') minutes fifty (50") seconds East 124.7 feet.
14. North sixty-eight (68°) degrees forty-nine (49') minutes ten (10") seconds East 117.9 feet.
15. North fifty (50°) degrees thirty-one (31') minutes ten (10") seconds East 84.6 feet.
16. North forty-one (41°) degrees thirty-seven (37') minutes fifty (50") seconds East 90.8 feet.
17. North fifty-six (56°) degrees seven (07') minutes fifty (50") seconds East 113.5 feet.
18. North twenty-three (23°) degrees fifty-seven (57') minutes forty (40") seconds East 248.1 feet
19. North fifty-six (56°) degrees eight (08') minutes thirty (30") seconds East 69.7 feet.
20. North sixty-three (63°) degrees fifty-four (54') minutes zero (0") seconds East 29.5 feet to a point.

Thence leaving Blackwater Creek and running along lands reputedly of Michael Beinlich, now or formerly, South sixty-one (61°) degrees fifty-seven (57') minutes forty (40") seconds East 76.6 feet passing through a set pin on line and running to a 20 inch beech at a fence intersection; thence along lands reputedly of Clinton L. and Bonnie J. Boyles, now or formerly, the following two courses and distances:

1. South sixty-three (63°) degrees forty-one (41') minutes (40") seconds East 435.1 feet along and through a meandering fence line and running to an 8 inch hemlock at a fence intersection.
2. South twenty-six (26°) degrees eighteen (18') minutes twenty (20") seconds West 848.1 feet along and through a meandering fence line passing through a set pin on line and running to a nail set in the cartway of the aforementioned SR 4014; thence along lands reputedly of Marvin L. and Rose M. Higley, now or formerly, the following three courses and distances:

1. South eighty-five (85°) degrees forty-eight (48') minutes twenty (20") seconds West 214.5 feet along the northerly edge of SR 4014 to a set pin.
2. North eighty-three (83°) degrees forty-one (41') minutes forty (40") seconds West 165.0 feet along the northerly edge of SR 4014 to a set pin.
3. South seventy-one (71°) degrees eighteen (18') minutes twenty (20") seconds West 132.1 feet to a point on the centerline of the cartway of SR 4014.

Thence along the centerline of the cartway of SR 4014 the following nine courses and distances:

1. South seventy-nine (79°) degrees fourteen (14') minutes ten (10") seconds West 77.3 feet.
2. South eighty-eight (88°) degrees fifty-two (52') minutes twenty (20") seconds West 114.8 feet.
3. North eighty-seven (87°) degrees sixteen (16') minutes forty (40") seconds West 283.2 feet

4.  North eighty-eight (88°) degrees twenty-six (26') minutes forty (40") seconds West 292.1 feet.

5.  North eighty-five (85°) degrees four (04') minutes ten (10") seconds West 43.2 feet.

6.  North seventy (70°) degrees twenty-nine (29') minutes thirty (30") seconds West 88.6 feet.

7.  North sixty-four (64°) degrees thirty-seven (37') minutes twenty (20") seconds West 166.0 feet.

8.  North sixty-three (63°) degrees nine (09') minutes forty (40") seconds West 52.6 feet.

9.  North fifty-six (56°) degrees nineteen (19') minutes twenty (20") seconds West 61.40 feet to the point and place of beginning.

**CONTAINING** 21.6 acres of land according to the survey and subdivision plan of Glen Yasharian & Associates entitled David C. Beinlich Subdivision, marked Map 54.01 and recorded in Sullivan County Plat Book 14 page 77.

**BEING** lot 2 of the David C. Beinlich Subdivision filed to Sullivan County Subdivision No. 97.12, approved May 8, 1997 and recorded in Sullivan County Plat Book 14, page 77.

**BEING** the same premises conveyed by deed dated May 30, 1997 from David C. Beinlich and Karen Beinlich to David C. Beinlich and recorded in Sullivan County Record Book 34, page 360.

**AND BEING** a transfer between spouses to establish a tenancy by the entireties, no realty transfer taxes are due hereon under provisions of 72 P.S. 8102-C.3 (6)

FRANCINE DOYLE
REGISTER AND RECORDER
SULLIVAN COUNTY
Pennsylvania

INSTRUMENT NUMBER
200301326

RECORDED ON
Jun 11, 2003
2:01:55 PM

| | |
|---|---|
| RECORDING FEES | $13.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| JCS/ACCESS TO JUSTICE | $10.00 |
| STATE WRIT TAX | $0.50 |
| TOTAL | $28.50 |

**AND** the said grantors will SPECIALLY WARRANT AND FOREVER DEFEND the property hereby conveyed.

    **IN WITNESS WHEREOF**, said grantors have hereunto set their hands and seals, the day and year first above-written.

Sealed and delivered in the presence of

_____ David C. Beinlich _____(Seal)

_____ Karen F. Beinlich _____(Seal)

_____ _____(Seal)

_____ _____(Seal)

## CERTIFICATE OF RESIDENCE

I hereby certify, that the precise residence of the grantees herein is as follows:
RR 1, Box 1304 A
Forksville, PA 18616

_____
             Attorney or Agent for Grantee
NO TITLE WORK REQUESTED

*Commonwealth of Pennsylvania* }
                 } *ss.*
*County of Sullivan* }

    On this, the _____ day of June, 2003, before me the undersigned officer, personally appeared David C. Beinlich and Karen F. Beinlich, known to me (or satisfactorily proven) to be the persons whose names subscribed to the within instrument, and acknowledged that they executed the same for the purpose therein contained.

    IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

My Commission Expires :
    PROTHONOTARY SEAL
FRANCINE DOYLE, PROTHONOTARY
      Sullivan County
    My Commission Expires
   First Monday in Jan. 2004

SULLIVAN COUNTY RECORDER OF DEEDS
REGISTER OF WILLS
CLERK OF ORPHANS' COURT

FRANCINE DOYLE - RECORDER
MAIN AND MUNCY STREETS
LAPORTE, PA   18626

KELLIE CARPENTER - FIRST DEPUTY



*Sullivan County Court House*
*Built 1894*

Instrument Number - 200600542
Recorded On 3/7/2006 At 2:28:08 PM             * Total Pages - 3
* Instrument Type - LEASE
Invoice Number - 16164
* Grantor - BEINLICH, DAVID C
* Grantee - KEETON GROUP
* Customer - KEETON GROUP
* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| RECORDING FEES | $14.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| TOTAL | $19.50 |

This is a certification page

DO NOT DETACH

This page is now part
of this legal document.

RETURN DOCUMENT TO:
KEETON GROUP
3012 MERIDETH CIRCLE
LEXINGTON, KY 40513

I hereby CERTIFY that this document is
recorded in the Recorder's Office of
Sullivan County, Pennsylvania.

*Francine Doyle*
Recorder Of Deeds
Register Of Wills
Clerk Of Orphans Court

* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

March 9, 2011
Certified From Records

000D65

EXHIBIT

tabbies "B"



Sullivan County Assessment
CERTIFICATION OF PARCEL NUMBER
ONLY - DOES NOT CERTIFY THE
CONTENTS OF THIS DOCUMENT

## OIL AND GAS LEASE

This lease made this 25th day of October, 2005, by and between David C. Beinlich and Karen F. Beinlich, his wife, having an address at RR 1, Box 1304 A, Forkville, PA. 18616, hereinafter collectively called "Lessor" and The Keeton Group, LLC 3012 Merideth Circle, Lexington, Kentucky, 40513 hereinafter called "Lessee".

WITNESSETH, That for and in consideration of the premises, and all of the mutual covenants and agreements hereinafter set forth, the Lessor and Lessee agree as follows:

LEASING CLAUSE: Lessor hereby leases exclusively to Lessee all the oil, gas and coalbed methane and their constituents, whether hydrocarbon or non-hydrocarbon, underlying the land herein leased, together with such exclusive rights as may be necessary or convenient for Lessee, at its election, to explore for, develop, produce, measure, and market production from the Leasehold, and from adjoining lands, using methods and techniques which are not restricted to current technology, including the right to conduct geophysical and other exploration test; to drill, maintain, operate, cease to operate, plug, abandon, and remove wells; to use or install roads, electric power and telephone facilities, and to construct pipelines with appurtenant facilities, including data acquisition, compression and collection facilities for use in the production and transportation of products from the Leasehold and from neighboring lands across the Leasehold, and such right shall survive the term of this agreement for so long thereafter as operations are continued, to use oil, gas, and non-domestic water sources, free of cost, to store gas of any kind underground, regardless of the source thereof, including the injection of gas therein and removing same therefrom, to protect stored gas, to operate, maintain, repair, and remove material and equipment.

DESCRIPTION: The Leasehold is located, all or part, in the County of Sullivan, in the State of Pennsylvania, in the District/Township of Elkland and described as follows: Tax Map # 06-075-0030, # 06-075-0030-002 & 06-075-0030-001 and is bounded formerly or currently as follows:

On the North by Lands of  Michael Beinlich
On the East by Lands of   Ralph Boyles
On the South by Lands of Michael Beinlich
On the West by Lands of  Tax Map # 89-

including lands acquired by: Deeds from David C. Beinlich, et ux., dated 6-09-1993, and recorded in Instrument # 2003-01324 & # 2003-01326, and described for the purposes of this agreement as containing One Hundred Seventeen (117) acres, whether actually more or less, and including all contiguous or appurtenant lands owned by Lessor.

LEASE TERM: This Lease shall remain in force for a primary term of ___ five (5) years from October 25, 2005, and for as long thereafter as prescribed payments are made, or for as long thereafter as operations are conducted on the Leasehold in search of production of oil, gas, or their constituents, or for as long as a well capable of production is located on the Leasehold, or for as long as extended by others provisions herein, or for as long as the Leasehold is used for the underground storage of gas or for the protection of stored gas. If after the primary term the last producing well on the Leasehold is plugged and abandoned, the Leasehold will remain under lease for an additional period of one year from the date of plugging and abandonment, subject to the payment of Delay Rental.

~~EXTENSION OF TERM:   Lessee may extend the primary term for one additional period equal to the primary term by paying to Lessor , at any time within the primary term, proportionate to Lessor's percentage of ownership an Extension Payment equal in amount to the annual Delay Rental as herein described; or by drilling a well on the Leasehold which is not capable of commercial production.~~

PAYMENT TO LESSOR:  Lessee covenants to pay Lessor, proportionate to Lessor's percentage of ownership as follows:

(A.) DELAY RENTAL:  To pay Lessor as Delay Rental at the rate of  Two  ($ 2.00 ) dollars per net mineral acre per year payable annually in advance, beginning on October 25, 2006, and continuing thereafter until the commencement of Royalty payments. Delay Rental paid for time beyond the commencement date of Royalty payment shall be credited upon the Royalty payment. Upon conversion to Storage, Delay Rental payment shall be reestablished.

(B.) ROYALTY:  It is agreed that the total Royalty that will be paid by Lessee shall be one eight (1/8th) and that Royalty conveyance or reservation in Lessor's chain of title shall be subtracted from the one eight (1/8th) royalty proved herein. To pay Lessor as Royalty, less all taxes, assessments, and adjustments on production from the Leasehold as follows:

1. OIL:  To deliver to the credit of Lessor, free of cost, a Royalty of the equal one-eighth part of all oil and constituents thereof produced and marketed  from the Leasehold.

2. GAS:  To pay Lessor an amount equal to one-eighth of the revenue realized by the Lessee for all gas and the constituents thereof produced and marketed from the Leasehold during the preceding month. Lessee may withhold Royalty payment until such time as the total withheld exceeds fifty dollars ($50.00).

(C.) DELAY IN MARKETING:  In the event that Lessee does not market producible gas, oil, or their constituents from the Leasehold, Lessee shall continue to pay Delay Rental until such time as marketing is established, and such payment shall maintain this lease in full force and effect to the same extent as payment of Royalty.

(D.) SHUT-IN:  In the event that production of oil, gas, or their constituents is interrupted and not marketed for a period of six months, and there is no producing well on the Leasehold, Lessee shall thereafter, as Royalty for constructive production, pay a Shut-In Royalty equal in frequency and amount to the Delay Rental until such time as production is re-established and said payment shall maintain the Lease in full force and effect to the same extent as payment of Royalty. During Shut-In, Lessee shall have the right to re-work, stimulate, or deepen any well on the Leasehold or drill a new well on the Leasehold in an effort to re-establish production, whether from and original producing formation  or from a different formation.  In the event that the production from the only producing well on the Leasehold is interrupted for a period of less than six months, this Lease shall remain in full force and effect without payment of Royalty or Shut-In Royalty.

(E.) DAMAGES:  Lessee shall remove unnecessary equipment and materials and grade, reseed and mulch the drill site area at the completion of activities, and Lessee agrees to repair any damaged improvements to the land and pay for the loss of crops or marketable timber.

(F.) MANNER OF PAYMENT:  Lessee shall make or tender all payments due hereunder by check, payable to Lessor, at Lessor's last known address, and Lessee may withhold any payment pending notification by Lessor of a change in address.

(G.) CHANGES IN LAND OWNERSHIP:  Lessee shall not be bound by any change in the ownership of the Leasehold until furnished with such documentation as Lessee may reasonably require.  Pending the receipt of documentation, Lessee may elect either to continue to make or withhold payments as if such a change had not occurred.

(H.) TITLE:  If Lessee received evidence that Lessor does not have title to all or any part of the rights herein leased, Lessee may immediately withhold payments that would be otherwise due and payable hereunder to Lessor until the adverse claim is fully resolved.

(I.) LIENS:  Lessee may at its option pay and discharge any past due taxes, mortgages, judgments, or other liens and encumbrances on or against any land or interest included in the Leasehold; and Lessee shall be entitled to recover from the debtor, with legal interest and cost, by deduction from any future payments to Lessor or by any other lawful means.

(J.) LIMITATION OF FORFEITURE:  This lease shall never be subject to civil action or other proceeding to enforce a claim of forfeiture due to Lessee's alleged failure to perform as specified herein, unless, Lessee has received written notice of Lessor's demand and thereafter fails or refuses to satisfy Lessor's demand within 60 days from receipt of the notice.

UNITIZATION: Lessor grants Lessee the right to pool, unitize, or combine all or part of the Leasehold with other lands, whether

contiguous or not contiguous, leased, or un-leased, whether owned by Lessee or by others, at a time before or after drilling to create drilling or production units either by contract right or pursuant to governmental authorization. Lessee is granted the right to change the size, shape and conditions of operations or payment of any unit created. Lessor agrees to accept and receive out of the production or the revenue realized from production of such unit, such proportional share of the Royalty from each unit well as the number of Leasehold acres included in the unit bears to the total number of acres in the unit. Otherwise, except for Free Gas, the drilling, operations in preparation for drilling, production from, or payment for Royalty, Shut-in Royalty, or Delay in Marketing for a well on such a unit shall have the same effect upon the terms of this Lease as if the well were located on the Leasehold.

FREE GAS: Upon approval of Lessor's written request for free gas and his execution of an Agreement for Delivery of Free Gas and Overburn Gas, one Lessor may lay a line to any producing gas well on the leased premises and take two hundred thousand (200,000) cubic feet of gas per year free of cost for domestic use in one dwelling on said lands at Lessor's own risk and subject to the use and right of abandonment of the well by the Lessee. All overburn gas shall be paid for by said Lessor at the current established retail rate in the area.

FACILITIES: Lessee shall not drill a well within 200 feet of any structure located on the Leasehold without Lessor's written consent. Lessor shall not erect any building or structure, or plant any trees within 200 feet of a well or within 25 feet of a pipeline without Lessee's written consent. Lessor shall not improve, modify, degrade or restrict roads and facilities built by Lessee's without written consent.

CONVERSION TO STORAGE: Lessee is hereby granted the right to convert the Leasehold to gas storage. At the time of conversion, Lessee shall pay Lessor's proportionate part for the estimated recoverable gas remaining in the well using methods of calculating gas reserves as are generally accepted by the natural gas industry, and Lessor shall be paid Delay Rental for as long thereafter as the Leasehold is used for gas storage or for protection of gas storage.

TITLE AND INTEREST: Lessor hereby warrants generally and agrees to defend title to the Leasehold and covenants that Lessee shall have quiet enjoyment hereunder and shall have benefit of the doctrine of after acquired title. Should any person having title to the Leasehold fail to execute this Lease, the Lease shall nevertheless be binding upon all person who do execute it as Lessor.

LEASE DEVELOPMENT: There is no covenant to develop the Leasehold within a certain time frame, and there shall be no leasehold forfeiture for implied covenants to produce. Provisions herein constitute full compensation for privileges herein granted.

ARBITRATION: In the event of a disagreement between Lessor and Lessee concerning this lease, performance thereunder, or damages caused by Lessee's operations, settlement shall be determined by a panel of three disinterested arbitrators. Lessor and Lessee shall appoint and pay the fee of one each, and the two so appointed shall appoint the third, whose fee shall be borne equally by Lessor and Lessee. The award shall be by unanimous decision of the arbitrators and shall be final.

SURRENDER: Lessee may surrender and cancel this lease as to all or any part of the Leasehold by recording a Surrender of Lease and if partially surrendered, the Delay Rental provided in the PAYMENTS clause shall be reduced in proportion to the acreage surrendered.

SUCCESSORS: All rights, duties, and liabilities herein benefit and bind Lessor and Lessee and their heirs, successors, and assigns.

ENTIRE CONTRACT: The entire agreement between Lessor and Lessee is embodied herein. No oral warranties, representation, or promises have been made or relied upon by either party as an inducement to or modification of this Lease.

IN WITNESS WHEREOF, this lease is entered into this the day and year first above written.

LESSOR _____  LESSOR _____
David C. Beinlich                 Karen F. Beinlich

LESSOR _____  LESSOR _____

ACKNOWLEDGMENT

STATE OF _Pennsylvania_
COUNTY OF _Sullivan_

On this _15th_ day of _November_, 2005, before me, _Francine Doyle_, a Notary Public, came David C. Beinlich and Karen Beinlich, his wife, to me known (or satisfactorily proven) to be the individual(s) described in, and who executed the foregoing instrument, and acknowledged that he/she/they executed the same for the purposes therein contained. In witness thereof, I hereunto set my hand and official seal.

My Commission Expires on: _____

_____
Notary Public

FRANCINE DOYLE, PROTHONOTARY
Sullivan Co.
My Commission Expires
First Monday of Jan. 2008

ACKNOWLEDGMENT

STATE OF _____
COUNTY OF _____

On this _____ day of _____, 2005, before me, _____, a Notary Public, came _____ to me know (or satisfactorily proven) to be the individual(s) described in, and who executed the foregoing instrument, and acknowledged that he/she/they executed the same for the purposes therein contained. In witness thereof, I hereunto set my hand and official seal.

My Commission Expires on: _____

_____
Notary Public

Prepared by: The Keeton Group, LLC, 3012 Merideth Circle, Lexington, KY 40513.

SULLIVAN COUNTY RECORDER OF DEEDS
REGISTER OF WILLS
CLERK OF ORPHANS' COURT

FRANCINE DOYLE - RECORDER
MAIN AND MUNCY STREETS
LAPORTE, PA   18626

KELLIE CARPENTER - FIRST DEPUTY



*Sullivan County Court House*
*Built 1894*

Instrument Number - 201005075
Recorded On 10/21/2010 At 2:41:59 PM                    * Total Pages - 14
* Instrument Type - LEASE
Invoice Number - 46107
* Grantor - CHIEF EXPLORATION & DEVELOPMENT LLC
* Grantee - CHIEF EXPLORATION & DEVELOPMENT LLC
* Customer - PRES CORBITT
* FEES
    STATE WRIT TAX             $0.50
    RECORDING FEES            $91.00
    COUNTY ARCHIVES FEE        $2.00
    ROD ARCHIVES FEE           $3.00
    TOTAL PAID                $96.50

---

**This is a certification page**

**DO NOT DETACH**

This page is now part
of this legal document.

---

RETURN DOCUMENT TO:
PRES CORBITT

I hereby CERTIFY that this document is
recorded in the Recorder's Office of
Sullivan County, Pennsylvania.

*Francine Doyle*

Recorder Of Deeds
Register Of Wills
Clerk Of Orphans Court

* - Information denoted by an asterisk may change during
   the verification process and may not be reflected on this page.

*March 9, 2011*
*Certified From Records*

EXHIBIT
"C"


0042EA

DECLARATION OF POOLING AND UNITIZATION AGREEMENT
(Castrogiovanni Unit)

COMMONWEALTH OF PENNSYLVANIA  §
                                                          §
COUNTY OF SULLIVAN                            §

That the undersigned, being owners in the oil and gas leases (the "Leases") listed on the schedule marked Exhibit "A" attached hereto and made a part hereof for all purposes, by virtue of the authority conferred by the terms of the Leases, as same may have been or may be modified and/or amended heretofore, do hereby POOL, CONSOLIDATE, COMBINE and UNITIZE the Leases, as to those lands described on Exhibit "A" ("Unit Acreage"), as such lands are located within the heavy black lines (being Tracts 1 through 22) as depicted on Exhibit "B" attached hereto and made a part hereof, for all purposes, for the production of oil, gas and related hydrocarbons (the "Unitized Substances") as to all depths (the "Unitized Interval") beneath the Unit Acreage, and do POOL, CONSOLIDATE, COMBINE and UNITIZE the royalties, working interests, overriding royalties and other interests pertaining to the Leases and the Unit Acreage and the production therefrom so as to form a 1,048.0643 acre single operating production unit for the production of oil, gas and other related hydrocarbons from a well or wells located in said unit.

The production of Unitized Substances from any part of the Unit Acreage, insofar as the Unit Acreage covers the Unitized Interval, shall constitute production of such Unitized Substances from all of the Leases contained in such unit. Drilling, completion or reworking/recompletion operations, production or other operations conducted on any lands or Lease within such unit for the production of Unitized Substances shall constitute operations for the production of Unitized Substances on the Leases and the Unit Acreage.

All Unitized Substances produced from any well on such unit shall be allocated proportionately among all of the tracts within said unit, in the proportion that the number of acres in each of such tracts that are included in the unit bears to the total number of acres in such unit, and all working interests, royalties, overriding royalties or other interests in the production from such unit shall be computed on the basis of the respective interests in the production allocated to the tract or tracts in which such interests are owned.

All parties owning any interest in the oil, gas and other related hydrocarbons in and under and that may be produced from the Unit Acreage who execute this agreement or a counterpart thereof, or who ratify the same, or who hereafter acquire an interest in and to the Unit Acreage subject to the terms and provisions hereof, hereby adopt and confirm the creation of such unit and agree to all of the terms and provisions hereof, and hereby agree that any lease(s) or assignment(s) or other instrument affecting their respective interests are amended to the extent necessary to authorize the formation of this pooled unit.

In the event the owner of the Leases, or its successors and assigns, owns any lease or leases or interest or interests in a lease or leases other than those listed on Exhibit "A" hereto covering lands within the Unit Acreage or on any unleased interest or interests in the Unit Acreage, then, in that event, it is agreed that this Declaration of Pooling and Unitization Agreement shall be revised to include such lease or leases, or interest or interests, in the unit and

said revised declaration of pooling and unitization agreement shall be filed for record in the office of the County of Sullivan, Pennsylvania.

The unit hereby designated shall be effective as of September 29, 2010 ("Effective Date"), and shall remain in effect for a term of 90 days and for so long thereafter as Unitized Substances are produced from said unit or as long as drilling, completion or reworking/recompletion operations are conducted on any well now or hereafter located on the Unit Acreage, with no cessation of more than 90 consecutive days, and if any of such operations result in the production of Unitized Substances, for so long thereafter as same are produced, or drilling or reworking operations for the restoration of production are again commenced within 90 days from the cessation of production. It will be considered that Unitized Substances are being produced in paying quantities while a well is shut-in on said unit and lessee pays or tenders shut-in rentals or royalties in accordance with the terms or provisions of the Leases or otherwise perpetuates the Leases pursuant to each of their respective terms and provisions.

The undersigned reserve the continuing right to amend, correct or alter this instrument and the unit hereby created including, but not limited to, reforming, increasing, decreasing or changing the configuration of the Unit Acreage and relocating or changing the Unitized Interval at the election of the undersigned, at any time from time to time after the original forming hereof. Any such amendment shall conform to the terms and conditions contained in the Leases committed hereto, and shall be in writing, signed by the undersigned, their successors and assigns, and filed for record in the office of the County Recorder of Sullivan County, Pennsylvania.

This Declaration of Pooling and Unitization Agreement been prepared in multiple counterparts, each of which constitutes an original document and all of which, when taken together, shall constitute a single instrument and shall have the same force and effect as if all parties had executed a single counterpart. The counterpart execution and acknowledgment pages may be consolidated into one instrument for all purposes, including recordation of this instrument in the public records. Failure to execute this Declaration of Pooling and Unitization Agreement by any party for whom a signatory space is provided shall not render it ineffective.

IN WITNESS WHEREOF, this instrument is executed as to the date of the acknowledgments but effective as of the Effective Date.

Chief Exploration & Development LLC

By: _____
Glynne Mildren, Senior Vice President – Land


Radler 2000 Limited Partnership
By: Tug Hill, Inc., its general partner

By: _____
Michael G. Radler, President

2

**MKR Holdings, L.L.C.**
an Oklahoma limited liability company

By: _____
Henry J. Hood, Senior Vice President -
Land and Legal & General Counsel


**Enerplus Resources (USA) Corporation**


By: _____
Roxanne Forst, Manager of Lands USA

**Chesapeake Appalachia, L.L.C.**

By: _____
Henry J. Hood, Senior Vice President-
Land and Legal & General Counsel

**Anadarko E&P Company, LP**

By: _____
Michael A. Barron
Agent and Attorney in Fact

**Mitsui E & P USA LLC**

By: _____
Randall D. Jones, CPL
Land Manager & Acquisitions

**Statoil USA Onshore Properties Inc.**

By: _____
M.K. Williams,
Land Manager – Onshore Gas USA & Mexico


STATE OF TEXAS            §
                          §
COUNTY OF DALLAS          §

On this, the 30th day of September, 2010, before me, Marie G. Veit, a notary public in and for the State of Texas, the undersigned officer, personally appeared Glynne Mildren, who acknowledged himself to be the Senior Vice President – Land of **Chief Exploration & Development LLC**, a Texas limited liability company, and that he as such Senior Vice President – Land, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the said limited liability company by himself as Senior Vice President – Land. I certify that I am not an officer or director of Chief Exploration & Development LLC.

IN WITNESS THEREOF, I hereunto set my hand and official seal.

MARIE G. VEIT
My Commission Expires
July 01, 2013

_____
Notary Public
Printed Name: _____
My Commission Expires: _____

(SEAL)

3

**MKR Holdings, L.L.C.**
an Oklahoma limited liability company

By: _____
    Henry J. Hood, Senior Vice President -
    Land and Legal & General Counsel


**Enerplus Resources (USA) Corporation**

By: _____
    Roxanne Forst, Manager of Lands USA


**Chesapeake Appalachia, L.L.C.**

By: _____
    Henry J. Hood, Senior Vice President-
    Land and Legal & General Counsel

**Anadarko E&P Company, LP**

By: _____
    Michael A. Barron
    Agent and Attorney in Fact

**Mitsui E & P USA LLC**

By: _____
    Randall D. Jones, CPL
    Land Manager & Acquisitions

**Statoil USA Onshore Properties Inc.**

By: _____
    M.K. Williams,
    Land Manager – Onshore Gas USA & Mexico


STATE OF TEXAS      §
                       §

COUNTY OF DALLAS  §

    On this, the 30th day of September _____, 2010, before me, Marie G. Veit, a notary public in and for the State of Texas, the undersigned officer, personally appeared Glynne Mildren, who acknowledged himself to be the Senior Vice President – Land of **Chief Exploration & Development LLC**, a Texas limited liability company, and that he as such Senior Vice President – Land, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the said limited liability company by himself as Senior Vice President – Land. I certify that I am not an officer or director of Chief Exploration & Development LLC.

    IN WITNESS THEREOF, I hereunto set my hand and official seal.

MARIE G. VEIT
My Commission Expires
July 01, 2013

(SEAL)

_____
Notary Public
Printed Name: _____
My Commission Expires: _____

3

STATE OF TEXAS                    §
                                 §
COUNTY OF Dallas                 §

On this, the 4th day of October , 2010, before me, Louisa Becker a notary public in and for the State of Texas, the undersigned officer, personally appeared Michael G. Radler, who acknowledged himself to be the President of Tug Hill, Inc., the general partner of **Radler 2000 Limited Partnership**, a Texas limited partnership, and that he as such President, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the said general partner of the limited partnership, by himself as President.   I certify that I am not an officer or director of Radler 2000 Limited Partnership.

IN WITNESS THEREOF, I hereunto set my hand and official seal.



Notary Public
Printed Name: Louisa Becker
My Commission Expires: 9-28-2013

LOUISA BECKER
My Commission Expires
September 28, 2013
(SEAL)


STATE OF OKLAHOMA               §
                                §
COUNTY OF _____               §

On this, the ____ day of _____, 2010, before me, _____, a notary public in and for the State of Oklahoma, the undersigned officer, personally appeared Henry J. Hood, Senior Vice President - Land and Legal & General Counsel of **MKR Holdings, L.L.C.**, an Oklahoma limited liability company, and that he as such Senior Vice President - Land and Legal & General Counsel, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the said limited liability company by himself as Senior Vice President - Land and Legal & General Counsel.  I certify that I am not an officer or director of MKR Holdings, L.L.C.

IN WITNESS THEREOF, I hereunto set my hand and official seal.

Notary Public
Printed Name: _____
(SEAL)                           My Commission Expires: _____

4

STATE OF TEXAS                    §
                                 §
COUNTY OF_____             §

On this, the_____day of_____, 2010, before me,_____, a notary public in and for the State of Texas, the undersigned officer, personally appeared Michael G. Radler, who acknowledged himself to be the President of Tug Hill, Inc., the general partner of **Radler 2000 Limited Partnership**, a Texas limited partnership, and that he as such President, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the said general partner of the limited partnership, by himself as President.   I certify that I am not an officer or director of Radler 2000 Limited Partnership.

IN WITNESS THEREOF, I hereunto set my hand and official seal.

_____
Notary Public
Printed Name:_____
(SEAL)                                          My Commission Expires:_____

STATE OF OKLAHOMA          §
                           §
COUNTY OF Oklahoma         §

On this, the 12 day of October, 2010, before me, Megan Evans, a notary public in and for the State of Oklahoma, the undersigned officer, personally appeared Henry J. Hood, Senior Vice President - Land and Legal & General Counsel of **MKR Holdings, L.L.C.**, an Oklahoma limited liability company, and that he as such Senior Vice President - Land and Legal & General Counsel, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the said limited liability company by himself as Senior Vice President - Land and Legal & General Counsel.  I certify that I am not an officer or director of MKR Holdings, L.L.C.

IN WITNESS THEREOF, I hereunto set my hand and official seal.

*Megan J. Evans*
Notary Public
Printed Name: Megan L. Evans
(SEAL)                                          My Commission Expires: 7-14-12

MEGAN L. EVANS
NOTARY
# 08006988
EXP. 07/14/12
PUBLIC
STATE OF OKLAHOMA

4

STATE OF COLORADO    §
                     §
COUNTY OF DENVER     §

On this, the _6th_ day of _October_ , 2010, before me, _Patricia A. Meyer_ , a notary public in and for the State of Colorado, the undersigned officer, personally appeared Roxanne Forst, who acknowledged herself to be the Manager of Lands USA of Enerplus Resources (USA) Corporation, a Delaware corporation, and that she as such Manager of Lands USA, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the said corporation by herself as Manager of Lands USA. I certify that I am not an officer or director of Enerplus Resources (USA) Corporation.

IN WITNESS THEREOF, I hereunto set my hand and official seal.

_Patricia A Meyer_
Notary Public
Printed Name: _Patricia A. Meyer_
My Commission Expires: _3-9-2014_

My Commission Expires March 9, 2014


STATE OF OKLAHOMA    §
                     §
COUNTY OF _____    §

On this, the _____ day of _____ , 2010, before me, _____ , a notary public in and for the State of Oklahoma, the undersigned officer, personally appeared Henry J. Hood, Senior Vice President - Land and Legal & General Counsel of Chesapeake Appalachia, L.L.C., an Oklahoma limited liability company, and that he as such Senior Vice President - Land and Legal & General Counsel, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the said limited liability company by himself as Senior Vice President - Land and Legal & General Counsel. I certify that I am not an officer or director of Chesapeake Appalachia, L.L.C.

IN WITNESS THEREOF, I hereunto set my hand and official seal.

Notary Public
Printed Name:_____
(SEAL)                My Commission Expires:_____

5

STATE OF COLORADO      §
                       §
COUNTY OF DENVER       §

On  this,  the  _____  day  of  _____,  2010,  before  me,
_____, a notary public in and for the State of Colorado, the undersigned officer, personally appeared Roxanne Forst, who acknowledged herself to be the Manager of Lands USA of Enerplus Resources (USA) Corporation, a Delaware corporation, and that she as such Manager of Lands USA, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the said corporation by herself as Manager of Lands USA. I certify that I am not an officer or director of Enerplus Resources (USA) Corporation.

IN WITNESS THEREOF, I hereunto set my hand and official seal.

_____
Notary Public
Printed Name: _____
(SEAL)                          My Commission Expires: _____

STATE OF OKLAHOMA      §
                       §
COUNTY OF Oklahoma     §

On  this,  the  12  day  of  October ,  2010,  before  me,
Megan Evans ; a notary public in and for the State of Oklahoma, the undersigned officer, personally appeared Henry J. Hood, Senior Vice President - Land and Legal & General Counsel of Chesapeake Appalachia, L.L.C., an Oklahoma limited liability company, and that he as such Senior Vice President - Land and Legal & General Counsel, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the said limited liability company by himself as Senior Vice President - Land and Legal & General Counsel. I certify that I am not an officer or director of Chesapeake Appalachia, L.L.C.

IN WITNESS THEREOF, I hereunto set my hand and official seal.

Megan J Evans
Notary Public
Printed Name: Megan Evans
(SEAL)                          My Commission Expires: 7-14-12

MEGAN L. EVANS
NOTARY
#08006988.
EXP. 07/14/12
PUBLIC
STATE OF OKLAHOMA

5

STATE OF TEXAS                        §
                                      §
COUNTY OF _____             §

    On   this,   the   _____   day   of   _____,   2010,   before   me,
_____; a notary public in and for the State of Texas, the undersigned
officer, personally appeared M.K. Williams, who acknowledged herself/himself to be the Land Manager –
Onshore Gas USA & Mexico of Statoil USA Onshore Properties Inc., a _____
corporation, and that he as such Land Manager – Onshore Gas USA & Mexico, being authorized to do so,
executed the foregoing instrument for the purposes therein contained by signing the name of the said
limited partnership by himself as Land Manager – Onshore USA & Mexico. I certify that I am not an
officer or director of StatoilHydro USA Onshore Properties Inc.

    IN WITNESS THEREOF, I hereunto set my hand and official seal.

                                        _____
                                        Notary Public
                                        Printed Name:_____
(SEAL)                          My Commission Expires:_____

STATE OF TEXAS                        §
                                      §
COUNTY OF _____             §

    On this, the _____ day of _____, 2010, before me, _____, a
notary public in and for the State of Texas, the undersigned officer, personally appeared
_____, who acknowledged himself to be the _____
of Mitsui E & P USA LLC, a _____ limited liability company, and that he as such
_____, being authorized to do so, executed the foregoing instrument for
the purposes therein contained by signing the name of the said limited liability company by himself as
_____. I certify that I am not an officer or director of Mitsui E & P USA
LLC.

    IN WITNESS THEREOF, I hereunto set my hand and official seal.

                                          _____
                                        Notary Public
                                        Printed Name:_____
(SEAL)                          My Commission Expires:_____

6.

STATE OF TEXAS                    §
                                 §
COUNTY OF _____          §

On this, the _____ day of _____, 2010, before me, _____, a notary public in and for the State of Texas, the undersigned officer, personally appeared Michael A. Barron, who acknowledged himself to be the Agent and Attorney in Fact for **Anadarko E&P Company, LP,** a _____ limited partnership, and that he as such Agent and Attorney in Fact, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the said limited partnership by himself as Agent and Attorney in Fact. I certify that I am not an officer or director of Anadarko E&P Company, LP.

IN WITNESS THEREOF, I hereunto set my hand and official seal.

Notary Public _____
Printed Name: _____
(SEAL)                My Commission Expires: _____

7

Sullivan County Assessment
CERTIFICATION OF PARCEL NUMBER
ONLY - DOES NOT CERTIFY THE
CONTENTS OF THIS DOCUMENT

**Exhibit "A"**

Attached to and made a part of that certain Declaration of Pooling and Unitization Agreement effective September 25, 2010, covering the Castrogiovanni Unit located in Elkland, Forks and Forksville Townships, Sullivan County, Pennsylvania.

The Unit Acreage includes the following Leases, as the Leases may have been modified and/or amended, with lands located in Elkland, Forks and Forksville Townships, Sullivan County, Pennsylvania, insofar as the Leases are limited to the Parcel Number reflected below and the acres listed in the Parcel/Acres in Unit/Area column. The tract numbers listed below in the Unit Tract No. column correspond with the tract numbers reflected on Exhibit "B", attached hereto.

| Parcel No. | Lessor | Lessee | Tract No. | Parcel/Tax No. | Township | Date | Inst. # | % | Acres | Parcel Acres in Unit | Remaining |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3794394-034 | David C. Beinlich and Karen F Beinlich, his wife | The Keeton Group, LLC | 1 | 08-076-30  0622-075-007-030 | Elkland | 10/20/2008 | 200900542 | 63.89% | 90.0800 | 57.0871 | -33.0729 |
| 3794394-034 | David C Beinlich and Karen F Beinlich, his wife | The Keeton Group, LLC | 2 | 08-076-301-1  0622-075-030-001 | Elkland | 10/26/2008 | 200900942 | 100.00% | 4.2000 | 4.2000 | 0.0000 |
| 3794394-035 | Michael B Beinlich and Lori Beinlich, his wife | The Keeton Group, LLC | 3 | 08-088-86  0622-086-030-01-C | Elkland | 10/26/2008 | 200900650 | 79.18% | 115.0000 | 91.0570 | 23.8430 |
| 3794394-036 | Michael B Beinlich and Lori Beinlich, his wife | The Keeton Group, LLC | 4 | 08-088-84  0622-086-030-001-Y | Elkland | 10/26/2008 | 200900650 | 90.47% | 45.6900 | 41.3086 | 4.3614 |
| 3794394-305A | Carol B Houk-Linnet and David J Linnet, husband and wife | Chief Exploration & Development LLC | 5 | 08-088-0063 | Elkland | 9/22/2008 | 200903624 | 17.57% | 51.9500 | 9.1276 | 42.8224 |
| 3794394-304 | Gerry Runshauck Inc By its licensee/assignee Runshauck Leasing LLC | The Keeton Group, LLC | 6 | 08-088-035  0622-088-035 | Elkland | 7/28/2008 | 200903214 | 3.71% | 108.8000 | 4.0386 | 104.7635 |
| 3794394-031 | Robert B Woodhead and Joan M Woodhead, his wife | The Keeton Group, LLC | 7 | 06-008-0028 | Elkland | 10/8/2005 | 200800444 | 67.25% | 205.1600 | 135.6426 | 67.5174 |
| 3794394-248 | Neil K Johnson and Caroline R Johnson, husband and wife, as tenants by the entireties | Chief Exploration & Development LLC | 8 | 06-008-0029 | Elkland | 5/24/2008 | 200801841 | 38.24% | 63.9100 | 23.1610 | 40.7490 |
| 3794394-037 | Ronald E. Bingeman, dealing in his sole and separate property | Chesapeake Appalachia, L.L.C. | 9 | 06-008-0030 | Elkland | 7/19/2010 | 200802804 (Memo) 201002281 (Lease) | 16.45% | 28.6400 | 5.4686 | 24.1714 |
| Chesapeake, et al | Burgess Roe and Jane J Roe, his wife | The Keeton Group, LLC | 10 | 09-074-0001 | Elkland | 10/28/2008 | 200800561 | 99.79% | 74.0000 | 73.8444 | 0.1556 |
| Chesapeake, et al | Frank D. Norton, a widower and sole heir of Pauline Norton, deceased, of Cornwall Manor Health Center | Chesapeake Appalachia, L.L.C. | | | | 7/7/2010 | Currently Recording | | | | |
| Chesapeake, et al | Shirley Rogers, a married man dealing in his sole and separate property | Chesapeake Appalachia, L.L.C. | | | | 6/20/2010 | Currently Recording | | | | |
| Chesapeake, et al | Royce Rogers, a married man dealing in his sole and separate property | Chesapeake Appalachia, L.L.C. | | | | 6/20/2010 | Currently Recording | | | | |
| Chesapeake, et al | Linda Ryan, a married woman dealing in her sole and separate property | Chesapeake Appalachia, L.L.C. | | | | 6/20/2010 | Currently Recording | | | | |
| Chesapeake, et al | Gladys Rogers | Chesapeake Appalachia, L.L.C. | | | | Pending | Currently Recording | | | | |
| Chesapeake, et al | W.B. Shaffer Lumber Co., a partnership by William B. Shaffer Jr., partner & Jesse R. Shaffer, partner | Anadarko E & P Company, LP | 11 | 07-074-1-001  0622-074-008-001 | Forks | 5/7/2008 | 200902201 (Memo) | 8.82% | 151.1100 | 13.3279 | 137.7621 |
| Chesapeake, et al | Ralph Jeffery Boyles, a widow | Anadarko E & P Company, LP | 12 | 08-076-32  0622-075-032- | Elkland | 4/26/2006 | 200802192 (Memo) | 100.00% | 111.8270 | 111.8270 | 0.0000 |

Exhibit "A" - Castrogiovanni Unit

Page 1 of 2

Exhibit "A" - Castrogiovanni Unit

| | Lessor | Lessee | No. | Parcel / Note | | County | Date | Instrument / Recording | | Acreage | % | Net Acreage | Remaining |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Chesapeake, et al | Ralph Jeffrey Boyles, a widow | Anadarko E & P Company, LP | 12a | Formerly a portion of 06-076-52 and combined with 06-074-0.002 under Document Recorded at 200702310 | | Elkland | 4/28/2005 | | 200802192 (Memo) | 1.6000 | 100.00% | 1.5000 | 0.0000 |
| 3794394-J034 | David C Bastian and Karen F Bastian, his wife | The Keeton Group, LLC | 13 | 06-75-53 | | Elkland | 10/26/2005 | 200801542 | | 21.6000 | 100.00% | 21.6000 | 0.0000 |
| Chesapeake, et al | Michael L. Molyneux and his wife Nadine A. Molyneux | Anadarko E & P Company, LP | 14 | 06-75-53 / 06-075-0053 | | Elkland | 2/25/2005 | 200802224 (Memo) | | 63.3900 | 71.28% | 38.0917 | 15.3283 |
| Chesapeake, et al | W.R. Shaffer Lumber Co., a Pennsylvania Partnership | Chesapeake Appalachia, L.L.C. | 15 | 07-074-0.14 / 07-074-0014 | | Forks | 6/4/2010 | Currently Recording | | 1.2500 | 100.00% | 1.2500 | 0.0000 |
| 3794394-J042 | Ralph Jeffrey Boyles, a widow | Anadarko E & P Company, LP | 16 | 06-0176.51 | | Elkland | 3/28/2005 | 200802192 (Memo) | | 3.6000 | 100.00% | 3.6000 | 0.0000 |
| Chesapeake, et al | Cathy A Castrogiovanni (formerly Cathy A Burgess) and Met Castrogiovanni, her husband | The Keeton Group, LLC | | | | | 11/7/2010 | 200800545 | | | | | Currently Recording |
| Chesapeake, et al | Frank D. Norton, a widower and sole heir of Pauline Norton, deceased, of Cornwall Manor Health Center | Chesapeake Appalachia, L.L.C. | | | | | 7/7/2010 | Currently Recording | | | | | |
| Chesapeake, et al | Stanley Rogers, a married man dealing in his sole and separate property | Chesapeake Appalachia, L.L.C. | 17 | 06-074-0002 | | Elkland | 8/20/2010 | Currently Recording | | 162.0000 | 84.22% | 136.4306 | 26.5634 |
| Chesapeake, et al | Royce Rogers, a married man dealing in his sole and separate property | Chesapeake Appalachia, L.L.C. | | | | | 6/20/2010 | Currently Recording | | | | | |
| Chesapeake, et al | Linda Ryan, a married woman dealing in her sole and separate property | Chesapeake Appalachia, L.L.C. | | | | | 6/20/2010 | Currently Recording | | | | | |
| Chesapeake, et al | Gladys Rogers | Chesapeake Appalachia, L.L.C. | | | | | Pending | Currently Recording | | | | | |
| Chesapeake, et al | Brian L. McCarty & Wendy A. McCarty, husband and wife | Anadarko E & P Company, LP | 18 | 07-74-13 / 07-074-0013 | | Forks | 4/28/2008 | 200802336 (Memo) | | 207.0000 | 70.84% | 146.6386 | 60.3612 |
| Chesapeake, et al | Katherine D. Lejjedal | East Resources, Inc. | 19 | 06-074-0.006 / 06-074-0006 | | Forksville | 10/8/2006 | 200801124 (Memo) | | 34.5200 | 21.81% | 7.5298 | 26.9912 |
| Chesapeake, et al | Curtis H. Lejjedal and Julie L. Lejjedal, husband and wife | Anadarko E & P Company, LP | 20 | 07-74-11 / 07-074-0011 | | Forksville | 10/10/2006 | 200802132 (Memo) | | 154.0000 | 12.48% | 19.2162 | 134.7838 |
| Chesapeake, et al | Brian L. McCarty & Wendy A. McCarty, husband and wife | Anadarko E & P Company, LP | 21 | 07-74-5 / 07-074-0005 | | Forks | 4/28/2008 | 200802338 (Memo) | | | | | |
| Chesapeake, et al | Brian McCarty, a married man dealing in his sole and separate property | Chesapeake Appalachia, L.L.C. | | 06-074-0005 | | | 7/21/2008 | 200802912 (Memo) / 201003306 (Lease) | | 70.0000 | 92.53% | 64.8310 | 6.3690 |
| Chesapeake, et al | Glenn L. Piotte and Irene Piotte, a/k/a E. Irene Piotte, husband and wife; Richard Piotte and Jean Anne Piotte, husband and wife | East Resources, Inc. | 22 | 06-75-34 / 06-075-0034 | | Elkland | 6/24/2006 | 200802850 (Memo) | | 172.1700 | 19.61% | 34.1069 | 138.0631 |

Total Unit Acreage: 1048.0643

Page 2 of 2

EXHIBIT "B"

Attached to and made a part of that certain Declaration of Pooling and Unitization
Agreement effective September 29, 2010, covering the Castrogiovanni Unit
located in Sullivan County, Pennsylvania.

Plat of Unit Acreage (tract numbers correspond with tract numbers on Exhibit "A").

