**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID C. BEINLICH and | : | |
| KAREN F. BEINLICH, | : | |
|     Plaintiffs | : | Civil Action No. 4:11-CV-00579 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| CHIEF EXPLORATION & | : | |
| DEVELOPMENT LLC, <u>et</u> <u>al.</u>, | : | |
|     Defendants | : | |

<u>**MEMORANDUM ORDER**</u>

Pending before the Court are Defendant Chief Exploration & Development LLC's and

Defendant The Keeton Group, LLC's motions to dismiss Plaintiffs' request for fees.  (Doc. Nos.

5, 8.)  For the following reasons, the Court will grant Defendants' motions.

Plaintiffs commenced this action on March 14, 2011, in the Court of Common Pleas for

Sullivan County, asserting causes of action under Pennsylvania law.  (Doc. No. 1-1.)  Defendant

Chief removed the action to this Court on March 28, 2011.  (Doc. No. 1.)  The complaint alleges,

<u>inter</u> <u>alia</u>, that an oil and gas lease ("the Lease") Plaintiffs entered into with Defendant Keeton

(and later assigned to Defendant Chief) has expired and was not properly extended.  Defendants

assert that Plaintiffs' request for attorney's fees should be dismissed because neither the Lease

between the parties nor any statute provides for an award of attorney's fees.  (Doc. No. 6 at 2;

Doc. No. 10 at 3-4.)  The Court agrees.

The parties agree that Pennsylvania law applies to this action, including to Plaintiffs'

request for attorney's fees.  (Doc. No. 6 at 3; Doc. No. 10 at 3; Doc. No. 9 at 2.)  Pennsylvania

has adopted the American Rule, whereby attorney's fees are not recoverable from an adverse

party "absent an express statutory authorization, a clear agreement by the parties or some other

1

established exception." <u>Merlino v. Delaware Cnty.</u>, 728 A.2d 949, 951 (Pa. 1999). Plaintiffs

acknowledge that the Lease does not contain a provision for attorney's fees and that the

complaint does not cite to a statute that forms a basis for an award of attorney's fees. (Doc. No.

9 at 2-3; Doc. No. 12 at 2-3.) Instead, Plaintiffs argue that Defendant Chief and Defendant

Keeton failed to arbitrate this dispute and therefore Defendants' conduct "could lead to the

imposition of an award of attorney's fees pursuant to 42 Pa. Cons. Stat. § 2503(9)." (Doc. No. 9

at 3; Doc. No. 10 at 3.) Section 2503(9) authorizes courts to award attorney's fees to a party

"because the conduct of another party in commencing the matter or otherwise was arbitrary,

vexatious or in bad faith." 42 Pa. Cons. Stat. § 2503(9). However, a district court in the Eastern

District of Pennsylvania recently held that Section 2503(9) does not apply to litigants in federal

court:

> "Pennsylvania's courts have consistently and unambiguously limited
> the availability of attorney's fees under § 2503(9) to matters litigated
> before components of the 'unified judicial system.'" <u>Reitz v. Dieter</u>,
> 840 F. Supp. 353, 355 (E.D.Pa. 1993) (citing three Pennsylvania
> Commonwealth Court decisions). Because "federal courts are not
> within [Pennsylvania's] 'unified judicial system,'" recovery of
> attorney's fees under § 2503(9) is not permitted. <u>Id.</u> at 354-55; <u>see</u>
> 42 Pa. Cons. Stat. §§ 102, 301. Under this state procedural rule, no
> plausible claim for relief exists. Therefore, the defendant's motion
> to dismiss Count II must be granted with respect to attorney's fees
> pursuant to 42 Pa. Cons. Stat. § 2503(9).

<u>Bethlehem Area Sch. Dist. v. Zhou</u>, No. 09-03493, 2010 U.S. Dist. LEXIS 74404, at *16 (E.D.

Pa. July 23, 2010).

The Court notes that courts in the Middle District of Pennsylvania have applied Section

2503(9). <u>See</u> <u>Gigli v. Palisades Collection, LLC</u>, No. 3:06-cv-1428, 2008 WL 385395 (M.D. Pa.

Aug. 14, 2008); <u>Keck v. Commercial Union Ins. Co.</u>, 758 F. Supp. 1034 (M.D. Pa. 1991);

Zlotnicki v. Harsco Corp., 672 F. Supp. 161 (M.D. Pa. 1987).  However, even if Section 2503(9) does apply to litigants in federal court, Defendants' alleged conduct of failing to arbitrate Plaintiffs' claims before Plaintiff filed the complaint does not permit recovery of attorney's fees under the statute.  The Pennsylvania Superior Court has held that Section 2503(9) is to be interpreted narrowly and only applies to bad faith conduct relating to the institution of the suit or conduct occurring after the suit commenced.  See Cher-Rob Inc. v. Art Monument Co., 594 A.2d 362, 364 (Pa. Super. Ct. 1991) ("The common thread in all of these cases is that counsel fees are recoverable [pursuant to Section 2503(9)] for conduct occurring after the litigation has begun.") Accordingly, because Defendants' pre-litigation conduct cannot serve as a basis for an award of attorney's fees pursuant to Section 2503(9), and Plaintiffs have failed to allege any conduct by Defendants during the pendency of this action, Defendants' motions will be granted.  See Pearson v. LaSalle Bank, No. 08-2306, 2009 WL 1636037, at *5 (E.D. Pa. June 9, 2009).

**ACCORDINGLY**, on this 17th day of June 2011, **IT IS HEREBY ORDERED THAT** Defendant Chief Exploration & Development LLC's Motion to Dismiss Request for Fees (Doc. No. 5) is **GRANTED**.  **IT IS FURTHER ORDERED THAT** Defendant The Keeton Group, LLC's Motion to Dismiss Request for Fees (Doc. No. 8) is **GRANTED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania